**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X

Jane Doe, an Infant Over the
Age of Fourteen (14) Years, by
her mother and natural guardian
Joan Doe.

                Plaintiff,

  -against-

The CITY OF NEW YORK,
The NEW YORK CITY DEPARTMENT OF
EDUCATION,

                Defendants.
---------------------------------------------------------X

Case No.: 1:20-cv-2375

**COMPLAINT**

Plaintiff Demands a
Trial by Jury

Plaintiff, Joan Doe, as guardian of Jane Doe, an infant over the age of fourteen (14) years, by and through her attorneys, the Derek Smith Law Group, PLLC, upon information and belief, complain of Defendants as follows:

## NATURE OF THE CASE

1. Plaintiff complains under Title IX, 20 U.S.C. § 1681(a), violation of 14th Amendment rights under the Equal Protection and Due Process Clauses of the United States Constitution, violation of the New York State Dignity For All Students Act, (hereinafter "Dignity Act"), and for violations under the New York City Human Rights Law, for the denial of benefits of an educational program and brutal sexual harassment. Plaintiff seeks to redress the injuries Plaintiff has suffered as a result of being sexually assaulted, harassed and discriminated against on the basis of her sex/gender.

## JURISDICTION AND VENUE

2. This Court has jurisdiction based on 20 U.S.C. § 1681, *et al.*, and 28 U.S.C §§ 1331 and 1343.

3. This Court has pendent jurisdiction over the state and city law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District is proper pursuant to 28 U.S.C § 1391 (b) because events or omossions which gave rise to the claims asserted herein occurred within this Court's jurisdiction.

## JURY DEMAND

5. Plaintiff demands a jury trial.

## PARTIES

6. At all times material, Plaintiff Joan Doe ("Joan") is a natural person who resides in New York, County of Queens.

7. At all times material, infant plaintiff Jane Doe ("Jane") is a natural person who resides in New York, County of Queens.

8. Infant plaintiff Jane is a minor, having been born on July 13, 2001.

9. At all times material, Defendant The CITY OF NEW YORK was and is a municipal corporation duly existing by the virtue and laws of the State of New York.

10. At all times material, Defendant The NEW YORK CITY DEPARTMENT OF EDUCATION was and is an agency of Defendant CITY OF NEW YORK, with jurisdiction and control over the public schools therein.

11. At all times material, infant plaintiff Jane was an infant in the custody and control of Defendants.

## STATEMENT OF FACTS

12. In or around the fall of 2015, infant plaintiff Jane attended Long Island City High School ("LIC").

13. At all times material, Defendants control, own, and operate LIC.

14. During her time at LIC, infant plaintiff Jane received a series of threatening, sexually charged text messages, and videos of an individual masturbating, from an anonymous and unidentified source.

15. As a result, Plaintiff Joan and infant plaintiff Jane filed a police report and notified Defendants.

16. In or around December of 2015, Defendants transferred infant plaintiff Jane to the ACADEMY OF AMERICAN STUDIES ("AAS").

17. At all times material, Defendants control, own, and operate AAS.

18. In or around December of 2015 to September of 2017, infant plaintiff Jane attended AAS.

19. At all times therein, infant plaintiff Jane thrived at AAS; Jane was a member of student government, was enrolled in college-level classes, and participated in cross country.

20. In or around September of 2017, infant student Z.Z. transferred to AAS.

21. Upon information and belief, Defendants transferred infant student Z.Z. for disciplinary reasons.

22. At all times material, Defendants had custody and control over infant student Z.Z.

23. In or around September of 2017, various students informed Jane that Z.Z. "liked" her and was "obsessed" with her.

24. Throughout September of 2017, Jane and Z.Z. seldom spoke to one another.

25. On or about September 28, 2017, Z.Z. approached infant plaintiff Jane during her lunch period.

26. At that time, Z.Z. was in Defendants' custody and control.

27. At that time, Z.Z. was not supposed to be where infant plaintiff Jane was.

28. At that time, Z.Z. told infant plaintiff Jane "I need to talk to you."

29. Jane responded "No."

30. Z.Z. then told infant plaintiff Jane "It will be quick."

31. Infant plaintiff Jane, who had to leave lunch period to go to her physics class, agreed to walk and talk to infant student Z.Z.

32. While walking, infant plaintiff Jane told infant student Z.Z., in sum and substance, "We can talk later, I am going to be late for class." Jane continued to walk, away from Z.Z.

33. While walking toward infant plaintiff Jane's class, Z.Z. stopped in or around Defendants' "Staircase G." Z.Z. stood directly in-front of Jane, blocking Jane's path. Jane told Z.Z. to move, that she had to get to class, and that she was going to be late.

34. Thereafter, Z.Z. unzipped infant plaintiff Jane's pants and pulled down Jane's pants and underwear.

35. Thereafter, infant student Z.Z. pulled down his pants and exposed his penis.

36. Infant plaintiff Jane then told infant student Z.Z. "no!" and grabbed for her pants.

37. Thereafter, infant student Z.Z. forced his penis inside infant plaintiff Jane's vagina.

38. During the rape, infant plaintiff Jane was in extreme pain.

39. Thereafter, infant student Z.Z. removed his penis, stroked his penis, and ejaculated. Z.Z. then stated "Sorry, I messed up. Don't worry, I didn't cum inside. I know you didn't want to do it, but I did."

40. Thereafter, infant plaintiff Jane left the Stairwell and proceeded to class. Infant student Z.Z. followed Jane to her physics class.

41. Infant plaintiff Jane sat in her physics class, stunned and hurt.

42. During class, infant plaintiff Jane excused herself and went into the bathroom. Therein, Jane cried uncontrollably.

43. After physics class, infant student Z.Z. waited for infant plaintiff Jane as she exited. Infant student Z.Z. attempted to grab Jane by the hand. Jane pulled away. Z.Z. then stated "Sorry, I was horny."

44. On or about September 29, 2017, infant plaintiff Jane shared with her friend that infant student Z.Z. had raped her. With her friend's encouragement, Jane reported the rape.

45. Infant plaintiff Jane reported the rape to Defendants' agents and/or employees.

46. Upon infant plaintiff Jane reporting the rape, Defendants' agents demanded Jane call her parents and tell them she had been raped.

47. Thereafter, Defendants' Dean stated to infant plaintiff Jane "You couldn't yell?"

48. After reporting the rape, infant plaintiff Jane went to the emergency room where she had a sexual assault collection kit done. Thereafter, she was diagnosed with "alleged sexual assault."

49. Thereafter, infant plaintiff Jane was given HIV post-exposure medication and other treatment relating to the rape.

50. Thereafter, plaintiff Jane could not return to school.

51. In or around 2017, Defendants' employees Nicole Colon spoke to infant plaintiff about Z.Z., stating, among other things, "[Z.Z.] transferred from LIC and we don't know why. You transfer a year before, could it be possible he was the one [who sent the sexual messages]?'"

52. In or around 2018, on an almost weekly basis, various students told infant plaintiff Jane, among other things, that she was the "problem," that she made up being raped, and that they are siding with infant student Z.Z.

53. In or around 2018, various students called Plaintiff a "Lair."

54. In or around 2018, various students called Plaintiff "ugly," told Plaintiff she "deserved to be raped," and asked Plaintiff "who would want to rape you?"

55. In or around 2018, various students told Plaintiff she was lying.

56. Infant plaintiff Jane Doe complained to Defendants' employees Nicole Colon, Gigi Goshko, Stavroula Giannoukakis, among others, about the on-going harassment. As a result, no immediate or reasonable action was taken.

57. As a result of being raped, infant plaintiff Jane lost many friends.

58. As a result of being raped, infant plaintiff Jane could no longer participate in extra-curricular activities.

59. As a result of being raped, infant plaintiff Jane could not concentrate or participate in her education as she once did.

60. Infant plaintiff Jane complained to Defendants' agents and/or employees about the on-going harassment and discouragement she faced among her fellow students. No immediate or remedial action was taken in response to Jane's complaints.

61. Infant plaintiff Joan Doe complained to Defendants' employees Nicole Colon and Gigi Goshko, among others, about the on-going harassment. As a result, no immediate or reasonable action was taken.

62. In or around early 2018, Defendants held a "hearing" as a fact-finding investigation into what occurred.

63. Prior to the hearing, Defendants told Plaintiffs they would not "need a lawyer."

64. At the hearing, infant student Z.Z. was represented by counsel. At the hearing, the attorney for Z.Z. asked infant plaintiff Jane if (i) she was a virgin, (ii) what color Z.Z.'s penis was, (iii) how long Z.Z.'s penis was. Jane was hurt and further traumatized by the questioning.

65. As a result of Defendants' "hearing," Defendants informed Plaintiffs that Z.Z. would only be suspended for one year and would return to AAS thereafter.

66. As a result of the rape, the on-going harassment, and the fact that infant student Z.Z. would ultimately return to AAS, infant plaintiff Jane was forced to transfer to a different school.

67. Infant plaintiff Jane's new school is further from Plaintiff's home and inconveniences her and her parents' life.

68. On or about February 23, 2018, infant student Z.Z. plead guilty to the crime of Sexual Misconduct.

69. On or about April 23, 2018, the Queens Family Court issued a final decision finding infant student Z.Z. guilty of Sexual Misconduct.

70. At all times material, Defendants had custody and control over both infant plaintiff Jane and infant student Z.Z.

71. At all times material, Defendants had actual knowledge of infant student Z.Z.'s propensity for misconduct.

72. At all times material, by reasons of the Defendants negligence, carelessness and/or recklessness, they caused infant plaintiff Jane to suffer damages, failed to adequately supervise students in their custody and control, and failed to adequately secure AAS.

73. Defendants owe a duty to adequately supervise the students in their charge.

74. Defendants breached their duty of care.

75. As a direct result of Defendants' breach, infant plaintiff suffered tremendous damages.

76. The damages sustained by infant plaintiff were reasonably foreseeable.

77. Plaintiffs complained to Defendants' agents and/or employees who had authority to address the alleged discrimination and to institute corrective measures on Defendants behalf. Said official had actual knowledge of discrimination and failed to adequately respond.

78. At all times material, Defendants acted with deliberate indifference to the discrimination.

79. As a result of Defendants' discriminatory and intolerable treatment of infant plaintiff Jane, Jane suffered severe emotional distress and physical ailments.

80. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

81. As Defendants' conduct has been malicious, willful, outrageous, conducted with full knowledge of the law, and with reckless indifference, Plaintiff demands Punitive Damages as against Defendants, jointly and severally.

82. Defendants only suspended infant student Z.Z. for one year.

83. Infant plaintiff is now fearful for when Z.Z. returns to her school and subject her to bodily harm.

## AS A FIRST CAUSE OF ACTION
## UNDER FEDERAL LAW
## DISCRIMINATION UNDER TITLE IX

84. Plaintiff repeats, reiterates and realleges each and every paragraph as if said paragraph was more fully set forth herein at length.

85. Title IX provides, in relevant part, that "No person shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).

86. (1) Plaintiff as a woman is a member of a protected group; (2) she was subjected to unwelcome sexual harassment in the form of sexual advances, forced intercourse, and other verbal or

physical conduct of a sexual nature; (3) the harassment was based on sex; (4) the harassment was sufficiently severe or pervasive so as to alter the conditions of her education and create an abusive educational environment; and (5) some basis for institutional liability has been established.

87. 20 U.S.C. §1681(a) states in relevant part as follows:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discriminate under any education program or activity receiving Federal financial assistance.

88. Plaintiff was discriminated against because of her sex under 20 U.S.C. §1681(a) and denied the benefits of Defendant's educational program and has suffered damages as set forth herein.

89. Defendants further violated Title IX by failing to educate students on sexual harassment and assault, failing to take prompt action, failing to afford Plaintiff an adequate hearing, and failing to remove the rapist from Plaintiff's school entirely.

## AS A SECOND CAUSE OF ACTION
## UNDER FEDERAL LAW
## RETALIATION UNDER TITLE IX

90. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

91. Under 20 U.S.C. §1681(a) retaliation also constitutes discrimination.

92. After Plaintiff complained of discrimination, Defendants retaliated against Plaintiff by failing to take prompt and appropriate action.

93. Defendants retaliated against Plaintiff by not taking appropriate action in retaliation for Plaintiff's complaints of the sexual assault and sexual harassment and in not following proper procedures under Title IX.

## AS A THIRD CAUSE OF ACTION
### (Violation of 42 U.S.C. §1983 14th Amendment – Due Process)

94. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the Complaint with the same force and effect as if fully set forth herein at length.

95. Under N.Y. EDUC. L. §3202, the State of New York confers an entitlement upon the infant plaintiff to receive a free public education, and also, the infant plaintiff has the right to bodily integrity.

96. Such right is a property and/or liberty interest, within the meaning of the 14th Amendment of the United States Constitution.

97. Defendants have deprived infant plaintiff of her protected property and/or liberty interests, without due process of law.

## AS A FOURTH CAUSE OF ACTION
### (Violation of 42 U.S.C. §1983 14th Amendment – Equal Protection)

98. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the Complaint with the same force and effect as if fully set forth herein at length.

99. Defendants denied infant plaintiff equal protection of the laws in violation of the Fourteenth Amendment of the United States Constitution by failing to protect her and denying her educational opportunities due to her sex.

## AS A FIFTH CAUSE OF ACTION
### (Violation of Dignity Act)

100. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the Complaint with the same force and effect as if fully set forth herein at length.

101. Defendants have denied infant plaintiff a free public education in violation of the Dignity Act by failing to identify and protect her from in school harassment and violence because of her sex.

102. Defendants have acted in bad faith and/or exercised gross misjudgment and have acted with deliberate indifference to infant plaintiff's rights under the law by violating the Dignity Act.

### AS A SIXTH CAUSE OF ACTION
### UNDER NEW YORK ADMINISTRATIVE CODE TITLE 8

103. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

104. Title 8 of the New York City Administrative Code states in relevant part as follows: "Public accommodations. a. It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation, because of the actual or perceived race, creed, color, national origin, age, gender, disability, marital status, partnership status, sexual orientation or alienage or citizenship status of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof, or, directly or indirectly, to make any declaration, publish, circulate, issue, display, post or mail any written or printed communication, notice or advertisement, to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of race, creed, color, national origin, age, gender, disability, marital status, partnership status, sexual orientation or alienage or citizenship status or that the patronage or custom of any person belonging to, purporting to be, or perceived to be, of any particular race, creed, color, national origin, age, gender, disability, marital status, partnership status, sexual orientation or alienage or citizenship status is unwelcome, objectionable or not acceptable, desired or solicited."

105. Defendants violated the above section as stated herein.

## AS A SEVENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

106. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

107. The New York City Administrative Code Title 8, § 8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

108. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, § 8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory conduct.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants jointly and severally for all available damages including but not limited to emotional distress, lost wages, punitive damages, statutory damages, attorneys' fees, costs, medical expenses, interest and all other damages as are just and proper to remedy Defendants' unlawful practices.

Dated: New York, New York
May 28, 2020

Respectfully Submitted,

**DEREK SMITH LAW GROUP, PLLC**

By: **/s/ Alexander G. Cabeceiras**
Alexander G. Cabeceiras, Esq.
*Attorneys for Plaintiff*
One Penn Plaza, Suite 4905
New York, NY 10119